Samuel M. Gold, J.
Plaintiff and the third-party defendant move pursuant to subdivision 4 of section 198-a of the Civil Practice Act for an order dismissing the third-party complaint without prejudice to the institution of another action, upon the ground that the controversy between the third-party plaintiff *353 and the third-party defendant will unduly delay the determination of the main action, and will prejudice the plaintiff, or, in the alternative, that a. separate trial of that controversy be directed.
Plaintiff’s action is based upon alleged loans to the defendant corporation made between March 1, 1957, and October 31, 1957, in the aggregate sum of $8,878.41, on account of which $1,700 has been paid, the balance thereof being justly due and owing. In its answer, the defendant does admit the making of a loan to it by the plaintiff in the sum of $2,000 and that such loan has been paid.
The plaintiff and the third-party defendant are respectively son and father. It is alleged in the third-party complaint that on February 17,1958, the third-party defendant, then the president of the defendant and third-party plaintiff and a stockholder thereof, and then in charge of the corporate books of account, represented that loans appearing on the corporate books of account in the name of the plaintiff were, in fact, his loans, that the name of the plaintiff was used for convenience, and that the third-party defendant had authority to cancel the loans and to remove them from the books. In reliance thereon, the officers and stockholders of the corporation did agree with the third-party defendant on May 17,1958, that loans appearing in names other than Saul, Henry and David Perahia, including the alleged loans made by the plaintiff, should no longer be carried in such name, that third-party defendant be deemed to be released therefrom, and that all other loans be put into a “ due to officers ” account and subordinated to claims of creditors and from such amount $20,000 be taken and added to or donated to the corporation surplus. Such arrangement was put into effect. It is further alleged that third-party defendant sold his stock-holdings in the corporation on January 6, 1961, at which time no loan appeared on the corporate books in the name of the plaintiff, a general release at that time being delivered to the third-party defendant by the corporation. The representation of ownership of the loan in plaintiff’s name, and the power to cancel was false and -untrue and a concealment of the true facts and the general release was issued and accepted, and the cancellation and discharge were effected in reliance on such representation. Also in reliance thereon the third-party plaintiff delivered its release to the third-party defendant. Finally, it is alleged that the third-party plaintiff rescinds the release upon the ground of fraud and concealment and if plaintiff recovers against the defendant the latter as third-party plaintiff is entitled to recovery over against the third-party defendant.
*354 The sufficiency of the third-party complaint is not in issue. If the allegations of the third-party complaint are proved thereby, the claim of the plaintiff, except to the extent it alone is admitted, is disproved, and, in effect, it will be established that plaintiff is not a proper party in interest. But if the plaintiff is found to be a proper party in interest and was the lender to the corporation, then the plaintiff succeeds and the third-party plaintiff goes forward against the third-party defendant, and this should not be by separate action or trial by means of which different conclusions can be reached. The loans are a common factor to both the complaint and the counterclaim and all of the issues should be determined in a single trial.
The motion of the plaintiff and the third-party defendant is denied in all respects.